IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JERRY D. MILLS, JR. AND                                                                           PLAINTIFFS
STACY S. MILLS

V.                                                                              NO. 3:14-CV-00020-DMB-SAA

WHITE CONTRACTING, INC.,
SHIRLEY TRUCKING, LLC,
NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD
AND JOHN DOES 1-5                                                                               DEFENDANTS

**ORDER**

Plaintiffs Jerry D. Mills, Jr., and Stacy S. Mills initiated this action in the Circuit Court of Tate County, Mississippi, against Defendants White Contracting, Inc.; Shirley Trucking, LLC; National Fire Insurance Company of Hartford; and John Does 1-5. Plaintiffs assert claims for breach of contract, bad faith, infliction of emotional distress, and loss of consortium, arising from Defendants' alleged refusal to provide workers compensation benefits to Jerry Mills. National Fire removed the action to this Court pursuant to 28 U.S.C. § 1332 on allegations that, among other things, Shirley Trucking, LLC, is "a Limited Liability Company organized under and pursuant to the laws of the State of Mississippi, having its principle place of business at 348 Strickland Road, Coldwater, Mississippi 38618." Doc. #1 at 3. National Fire contends that Shirley Trucking, LLC's "citizenship should be disregarded for diversity purposes … [a]s a fraudulently joined party." *Id.*

The citizenship of a limited liability company for diversity purposes is determined by the citizenship of all of its members. *Greenville Imaging, LLC v. Washington Hosp. Corp.*, 326 F. App'x 797, 798 (5th Cir. 2009). Information regarding the identity and citizenship of Shirley

Trucking, LLC's members is absent from the removal notice. The jurisdictional allegations in the removal notice with respect to the citizenship of Shirley Trucking, LLC, are therefore deficient. *Mullins v. Testamerica Inc.*, 300 F. App'x 259 (5th Cir. 2008). Although National Fire presumes in its removal notice that Shirley Trucking, LLC, is a citizen of Mississippi in contending that it is improperly joined, such is not established by the jurisdictional allegations in the removal notice. Given the defective jurisdictional allegations, the Court declines to engage in an improper joinder analysis when the citizenship of Shirley Trucking, LLC, has not been sufficiently alleged or established.

The party asserting federal jurisdiction must "distinctly and affirmatively allege the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). National Fire, as the party invoking federal jurisdiction, shall **no later than March 13, 2015**: (1) submit competent evidence identifying as of the date of the removal notice all of Shirley Trucking, LLC's members and the citizenship of each member as of the removal date; and (2) amend the removal notice as required <u>only</u> as to Shirley Trucking, LLC's citizenship pursuant to 28 U.S.C. § 1653.[1]

SO ORDERED, this 4th day of March, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).