IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JERRY D. MILLS, JR; and**                                                                 **PLAINTIFFS**
**STACY S. MILLS**

**V.**                                                                          **NO. 3:14-CV-00020-DMB-SAA**

**WHITE CONTRACTING, INC.;**
**SHIRLEY TRUCKING, LLC;**
**NATIONAL FIRE INSURANCE**
**COMPANY OF HARTFORD;**
**and JOHN DOES 1-5**                                                            **DEFENDANTS**

## ORDER GRANTING REMAND

Plaintiffs Jerry D. Mills, Jr., and Stacy S. Mills brought this action in the Circuit Court of Tate County, Mississippi, against Defendants White Contracting, Inc., Shirley Trucking, LLC, and National Fire Insurance Company of Hartford ("National Fire"). Doc. #2. Plaintiffs assert claims for breach of contract and bad faith arising from an alleged refusal by White Contracting, Shirley Trucking and/or National Fire to provide workers compensation benefits to Jerry Mills. *Id*. National Fire removed the action to this federal district court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Doc. #1. Plaintiffs have filed a motion to remand on grounds that this Court lacks subject matter jurisdiction because: (1) there is no complete diversity among the parties; and (2) 28 U.S.C. § 1446(b)[1] bars removal. Doc. # 9. For the reasons below, Plaintiffs' motion to remand is granted.

---

[1] The Federal Courts Jurisdiction and Venue Clarification Act of 2011 amended 28 U.S.C. § 1446. Pub.L. No. 112–63. The Act changed the language of the applicable statute and codified it under subsection (c)(1). *Id*. However, the Act applies only to cases commenced after January 6, 2012. *Id*. at § 105. Consequently, the Court will refer to the applicable statute as 28 U.S.C. § 1446(b). *See Benson v. Unilever U.S., Inc.*, 884 F.Supp.2d 708, 712 (S.D. Ill. 2012) (amended removal statute did not apply where action was filed before, but removed after, January 6, 2012).

# I
# Relevant Allegations and Procedural Posture

Prior to April 7, 2011, White Contracting awarded a contract to Shirley Trucking to assist with the cleanup of right-of-ways along Interstate 55 in Tate County, Mississippi ("Interstate 55 job"). Doc. #2 at ¶ 7. In accordance with an agreement between White Contracting and Shirley Trucking, White Contracting withheld workers compensation premiums from checks made payable to Shirley Trucking in exchange for securing workers compensation insurance for the employees of Shirley Trucking. *Id.* at Ex. B. White Contracting secured a workers compensation insurance policy from National Fire for the period September 30, 2010, to September 30, 2011. *Id.* at Ex. A. Shirley Trucking represented to its employee Jerry that he would be provided workers compensation coverage during the Interstate 55 job. *Id.* at ¶ 8.

On April 7, 2011, Jerry, while working on the Interstate 55 job, was injured when a co-worker negligently caused a tree to collide with him. Doc. #2 at ¶ 9. "Almost immediately" after the injury, Jerry made a claim for workers compensation benefits pursuant to the agreement between White Contracting and Shirley Trucking. *Id.* at ¶ 10. Shortly thereafter, White Contracting and Shirley Trucking became aware of the injury and Jerry's request for benefits. *Id.* at ¶ 10. National Fire, White Contracting, and/or Shirley Trucking denied the claim for benefits. *Id.* White Contracting subsequently refunded the workers compensation premiums to Shirley Trucking. *Id.*

On September 20, 2011, Plaintiffs filed their original complaint in the Circuit Court of Tate County, Mississippi, against Defendants White Contracting, Shirley Trucking, and John Does 1-5. Doc. #4 at 5. Plaintiffs alleged that, as a result of Defendants' conduct, Jerry incurred financial loss in the form of medical expenses, loss of income and income earning capacity, loss

of property, and pain and suffering. *Id.* at 9. Additionally, Plaintiffs alleged that Stacy Mills, Jerry's wife, suffered loss of consortium, including a loss of Jerry's love and affection. *Id.*

On June 22, 2012, Jerry filed a Petition to Controvert with the Mississippi Workers' Compensation Commission ("MWCC") naming White Trucking as contractor-employer and National Fire as insurance carrier. Doc. #13-5. On October 17, 2012, the Circuit Court of Tate County voluntarily dismissed, without prejudice, "all tort claims against Defendants, except those sounding in bad faith," and stayed the case pending resolution of Plaintiffs' litigation before the MWCC. Doc. #13-8.

Following resolution of the MWCC litigation, on December 16, 2013, Plaintiffs filed their first amended complaint against White Contracting, Shirley Trucking and National Fire for breach of contract and bad faith refusal to provide workers compensation benefits. Doc. #2.

On January 31, 2014, National Fire filed a Notice of Removal, alleging that this Court has jurisdiction over the action pursuant to diversity of citizenship under 28 U.S.C. § 1332(a). Doc. #1. In its notice, National Fire argues that Plaintiffs cannot prevail on either cause of action against Shirley Trucking and, consequently, under the doctrine of improper joinder, there is complete diversity of citizenship.[2] *Id.* at 4-15.

On February 5, 2014, approximately one week after this case was removed, the state court entered an order of dismissal as to White Contracting.[3] Doc. #15-4.

---

[2] There is no dispute regarding the citizenship of the parties during all relevant times: Plaintiffs are Mississippi citizens, White Contracting is a citizen of Tennessee, Shirley Trucking is a citizen of Mississippi, and National Fire is a citizen of Illinois. Docs. #1, 10. This Court ordered National Fire, as the removing party, to cure its failure to sufficiently allege Shirley Trucking's citizenship given its status as a limited liability company. Doc. #14. The citizenship of a limited liability company for diversity purposes is determined by the citizenship of all of its members. *Greenville Imaging, LLC v. Washington Hosp. Corp.*, 326 Fed. App'x 797, 798 (5th Cir. 2009). National Fire subsequently amended its notice of removal to indicate that the sole member of Shirley Trucking is Louis Q. Shirley, who at all relevant times was a citizen of the state of Mississippi. Doc. #15-5.

[3] Insofar as the order of dismissal was entered post-removal, it is of no legal effect. *See McAdams v. Medtronic, Inc.*, No. Civ. 10-2336, 2010 WL 2710393, at *4 (S.D. Tex. July 7, 2010) ("The Fifth Circuit has upheld a district court's declaration that post-removal state court orders were void.") (citing *Adair Pipeline Co. v. Pipeliners Local*

On March 31, 2014, Plaintiffs filed a motion to remand, arguing that this Court lacks subject matter jurisdiction because: (1) Shirley Trucking is a properly joined defendant that defeats complete diversity; and (2) 28 U.S.C. § 1446(b) bars removal when, as in the present case, one year has passed since initiation of the suit. Doc. #9. Because the Court finds that Shirley Trucking's presence in the action defeats complete diversity, it will not consider whether § 1446(b) applies.

## II
## Diversity and Improper Joinder

Diversity jurisdiction requires that there be: (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). National Fire alleges, and Plaintiffs do not contest, that the amount in controversy exceeds $75,000. Doc. #1 at ¶ IX. However, there is also no dispute that Plaintiffs are Mississippi citizens and that Shirley Trucking, a citizen of Mississippi, is a non-diverse defendant. Nevertheless, National Fire argues that Shirley Trucking has been improperly joined and that, therefore, its citizenship may be disregarded for the purpose of assessing diversity jurisdiction. Doc. #13 at 6.

---

*Union No. 798*, 325 F.2d 206, 207 (5th Cir. 1963)). Thus, the record reflects that White Contracting remains a party to this action but has not consented to this action's removal from state court. Failure of the removing party to obtain consent from other defendants is a procedural—not jurisdictional—defect, and a plaintiff may waive or be estopped from asserting this objection. *Schoonover v. West American Ins. Co.*, 665 F. Supp. 511, 514 (S.D. Miss. 1987). 28 U.S.C. § 1447(c) provides that a motion to remand on the basis of any defect *other than* lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). Here, Plaintiffs filed a motion to remand only on the basis that the Court lacks subject matter jurisdiction. Plaintiffs have not objected to National Fire's failure to obtain White Contracting's consent to removal, and the time for doing so has passed. Accordingly, the Court finds that Plaintiffs have waived White Contracting's consent.

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity."[4] *McDonal v. Abbot Labs.* 408 F.3d 177, 183 (5th Cir. 2005). Under this rule, "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party … has been improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). The "heavy" burden of showing improper joinder rests with the removing party. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citation omitted).

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). National Fire concedes that "the actual fraud prong … test has no application to the issue before the Court." Doc. #13 at 6. Rather, National Fire argues that remand is proper because Plaintiffs cannot establish a cause of action against Shirley Trucking. *Id.*

The second improper joinder inquiry centers on "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citation omitted). In resolving this question, "[a] district court should ordinarily … conduct[] a Rule 12(b)(6)-type analysis. However, in cases where the plaintiff has stated a claim, but 'misstated or omitted discrete facts' the district court has the discretion to pierce the pleadings and conduct

---

[4] The rule of improper joinder also applies to the forum defendant rule of 28 U.S.C. § 1441(b), which provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See Smallwood*, 385 F.3d at 572. Here, it appears that Plaintiffs seek remand on the basis of jurisdiction, not the forum defendant rule. Doc. #10 at 5. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 396 (5th Cir 2009) (forum defendant rule non-jurisdictional).

5

a summary inquiry." *McDonal*, 408 F.3d at 183 n.6. The party asserting improper joinder bears the burden at each stage of this inquiry. *See Barbee v. Scott*, No. H-10-1797, 2010 WL 3257477, at *7 (S.D. Tex. Aug. 17, 2010) ("The court concludes, therefore, that under a Rule 12(b)(6)-type analysis the defendants have failed to meet their burden of establishing improper joinder."); *see also Veritas Consulting Grp. Inc. v. Gasbuddy Org., Inc.*, No. C-10-147, 2010 WL 2598386, at *3 n.3 (S.D. Tex. June 24, 2010) ("[E]ven if this Court were to pierce the pleadings and consider the summary judgment type evidence, removing Defendants have not met their burden of proving improper joinder.").

When the court elects to pierce the pleadings, it may consider summary judgment-type evidence, such as affidavits. *Toney v. Lowery Woodyards and Employer's Ins. of Wausau*, 278 F.Supp.2d 786, 790 (S.D. Miss. 2003) (citing *Cavallini v. State Farm Mutual Auto Ins. Co*., 44 F.3d 256 (5th Cir. 1995)). In so doing, the court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. Furthermore, "[a]ny contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor." *Id*. However, "if the defendant presents summary judgment-type evidence to show that plaintiff's allegations in his complaint are unfounded as a matter of fact, then the plaintiff, to secure remand, may not rest on the mere allegations or denials of [his] pleadings, or rely on conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant …." *Toney*, 278 F.Supp.2d at 790 (internal citations and quotation marks omitted).

### A. 12(b)(6) Inquiry

In their amended complaint, Plaintiffs bring nine claims against Shirley Trucking: (1) a breach of contract action based on a breach of alleged promise made by Shirley Trucking to

Mills that it would provide worker's compensation ("Shirley-Mills Agreement"); (2) a third-party beneficiary claim based on a breach of the alleged contract between White Contracting and Shirley Trucking for White Contracting to provide worker's compensation to Shirley Trucking's employees ("Shirley-White Agreement"); (3) a bad faith claim based on the breach of the Shirley-Mills Agreement; (4) a bad faith claim based on the breach of the Shirley-White Agreement; (5) a tortious breach claim based on the breach of the Shirley-Mills Agreement; (6) a tortious breach claim based on the breach of the Shirley-White Agreement; (7) a breach of the implied covenant of good faith and fair dealing in the Shirley-Mills Agreement; (8) a breach of the implied covenant of good faith and fair dealing in the Shirley-White Agreement; and (9) a claim for "bad faith refusal to provide workers compensation benefits." Doc. #2 at ¶¶ 14–15.

Here, National Fire contends that the improper joinder inquiry should be resolved by piercing the pleadings. Doc. #13 at 11. Thus, National Fire implicitly concedes that Plaintiffs can satisfy the 12(b)(6) improper joinder inquiry. *See McDonal*, 408 F.3d at 183 n.6 ("*where the plaintiff has stated a claim*, but 'misstated or omitted discrete facts' the district court has the discretion to pierce the pleadings and conduct a summary inquiry") (emphasis added). Indeed, National Fire's response brief advances no argument as to the 12(b)(6) inquiry as to any claim. Under these circumstances, the Court concludes that National Fire has failed to sustain its burden of showing that, under the 12(b)(6) inquiry, Plaintiffs have no possibility of recovery against Shirley Trucking. *See Fuller-McMahan v. City of Rockland*, No. 05-58, 2005 WL 1645765, at *9 (D. Me. July 12, 2005) ("The defendants do not address the claim raised in Count III under the Maine Constitution, nor do they suggest that analysis of the state and federal constitutional claims is identical. Accordingly, the motion to dismiss Count III should be denied in its entirety."); *see also El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to

in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.").

### B. Piercing the Pleadings

As explained above, a Court has discretion to pierce the pleadings and conduct a summary judgment-type analysis if: (1) the plaintiff has stated a claim under the 12(b)(6) inquiry; and (2) in stating the claim, plaintiff has misstated or omitted discrete facts. *McDonal*, 408 F.3d at 183 n.6.

In its response to the motion to remand, National Fire cites to summary judgment-type evidence and argues that Plaintiffs cannot possibly recover on their claims for breach of contract and bad faith. While National Fire's response addresses the bulk of Plaintiffs' claims, it contains no reference to Plaintiffs' claims for breach of the covenant of good faith and fair dealing. Thus, National Fire has not shown that, with regard to the breach of the covenant of good faith and fair dealing claims, Plaintiffs have misstated or omitted discrete facts. Accordingly, there is no indication that the Court has discretion to pierce the pleadings as to these claims.

Furthermore, even if this Court has discretion to pierce the pleadings for the implied covenant claims, National Fire has not advanced a single argument as to how or why the evidentiary record reveals that Plaintiffs have no possibility of recovery under these claims. Where a defendant seeks to show improper joinder by piercing the pleadings, but wholly ignores claims pled on the face of the complaint, a court would seem to be well within its discretion to decline to delve into the evidentiary record on the defendant's behalf. *See Solaia Tech. LLC v. Arvin Meritor, Inc.*, 361 F.Supp.2d 797, 807 n.12 (N.D. Ill. 2005) ("Precedent repeatedly teaches that the Court has no duty to scour the record searching for arguments or facts on behalf of a

party."); *see also Los Alamos Study Grp. v. U.S. Dep't of Energy*, 692 F.3d 1057, 1066 n.2 (10th Cir. 2012) ("[W]e have no duty to investigate grounds *for* jurisdiction not raised by a party.") (emphasis in original). In the absence of any argument as to Plaintiffs' implied covenant claims, the Court will decline to exercise its discretion to pierce the pleadings as to these claims. Accordingly, the Court concludes that National Fire has failed to show that Plaintiffs have no possibility of recovery against Shirley Trucking and that, therefore, National Fire has failed to discharge its heavy burden of showing that Shirley Trucking was improperly joined. Thus, Shirley Trucking's presence in this action defeats complete diversity.

### III
### Conclusion

For the reasons set forth above, the Court finds that National Fire has failed to carry its burden of showing that Shirley Trucking was improperly joined in this action. Accordingly, Plaintiffs' motion to remand [9] is **GRANTED**. This matter is **REMANDED** to the Circuit Court of Tate County, Mississippi.

SO ORDERED, this 27th day of March, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**